Trustees of the Presbytery of Philadelphia, Appellant *v.* Montgomery County Board of Assessment Appeals, Township of Abington and Abington School District, Appellees.

Argued April 5, 1978, before President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS, BLATT and DiSALLE.

*Gilbert P. High, Jr.,* with him *High, Swartz, Roberts & Seidel,* for appellant.

*Robert A. MacDonnell,* Solicitor for Abington School District, with him *Obermayer, Rebmann, Max-*

*well & Hippel,* and *Daniel B. Mitchie, Jr.,* Solicitor for Township of Abington, for appellee.

*Eugene T. Hackler; Robert C. Londerholm; Hackler, Londerholm, Sprre, Vader & Austin;* and *Lloyd E. Gluck,* for amici curiae, The American Association of Homes for the Aging and Pennsylvania Association of Non-Profit Homes for the Aging.

OPINION BY JUDGE MENCER, July 25, 1978:

This is an appeal from the refusal of the Court of Common Pleas of Montgomery County to sustain the appeal of the Trustees of the Presbytery of Philadelphia (taxpayer) from the refusal of the Montgomery County Board of Assessment appeals to grant a tax exemption to a tract of ground owned by the taxpayer, upon which is operated a retirement home for the aged known as Rydal Park.

After careful study of the record, we are of the view that the court below was correct in concluding that our holding in *Lutheran Home at Toptown, Pennsylvania Tax Appeal,* 6 Pa. Commonwealth Ct. 199, 293 A.2d 888 (1972), "is factually similar to and should control this case." Therefore, we affirm the order of the Court of Common Pleas of Montgomery County on the able opinion of Judge HONEYMAN reported at 102 Montg. Co. L.R. 451 (1976).[1]

Order affirmed.

---

[1] The taxpayer raises on this appeal the issue of whether or not the trial court improperly excluded evidence of the tax-exempt status of nonprofit homes for the aged in Montgomery County. We find this issue to be without merit since the evidence sought to be admitted in this record was properly ruled inadmissible by the trial court as being not relevant to the tax-exempt status of the taxpayer in this case. Since the question of entitlement to a tax exemption is a mixed one of law and fact, distinctions in facts are important, and evidence of the tax-exempt status of other homes for the aged, although in the same county, would not be relevant. *City of Harrisburg v. Presbyterian Apartments, Inc.,* 18 Pa. Commonwealth Ct. 428, 337 A.2d 297 (1975).

## ORDER

Now, this 25th day of July, 1978, the order of the Court of Common Pleas of Montgomery County, dated April 5, 1977, dismissing the exceptions to the adjudication and ordering that the decree nisi, dated September 24, 1976, become the Court's final decree in the above captioned matter, is hereby affirmed.